UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY TYRELL WILBURN, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-144-HAB-SLC |
| DARIUS HILLMAN, et al., | |
| Defendants. | |

OPINION AND ORDER

Anthony Tyrell Wilburn, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wilburn alleges he was shot by Officer Darius Hillman on May 25, 2019, during the course of an arrest. He was walking down the street in Huntington County, Indiana at approximately 11:59 PM when he heard someone yell, "Stop right there." ECF 1 at 2. Because it was dark and he could not see the officer, he turned and ran. He eventually realized it was a police officer, so he stopped and raised both hands. Officer Hillman ordered him to show his hands, to which Wilburn replied, "My hands are up already. I

didn't know you were a cop." *Id*. Officer Hillman then fired his weapon, hitting Wilburn on his right elbow. He fell to the ground, and Officer Hillman fired two more rounds striking Wilburn. Wilburn was transported to the hospital. His wounds were stitched up, and he was discharged into the custody of the Huntington County Jail the next day with directions to follow-up with an orthopedic surgeon for a "chip fracture." *Id*. at 3.

On June 1, 2019, he was scheduled to be seen at the hospital for a follow-up to address the chip fracture. He told Nurse Ashley about the appointment, and she said she would look into it and let Jail Commander Jeff Kylie know.[1] His request was ignored, and he was not transported to the hospital. At some point, he was transferred to the Indiana State Prison, where he currently resides. He has sued Officer Hillman and the Huntington County Jail for monetary damages including payment for a surgery.

Any claim concerning the use of excessive force during Wilburn's arrest cannot proceed under 42 U.S.C. § 1983 because it is untimely. Suits filed under § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). "The Supreme Court has held that a § 1983 claim accrues when the constitutional violation is complete and the plaintiff has a present cause of action—'that is, when the plaintiff can file suit and obtain relief.'" *Johnson v. Winstead*, 900 F.3d 428, 434 (7th Cir. 2018) (quoting *Wallace v.*

---

[1] Neither of these individuals are named as defendants.

*Kato*, 549 U.S. 384, 388 (2007)). Claims for false arrest,[2] excessive force, and similar Fourth Amendment violations that would not necessarily imply the invalidity of a conviction accrue at the time of the violation. *Wallace v. Kato*, 549 U.S. 384, 389–91 (2007); *Savory v. Cannon*, 947 F.3d 409, 427 (7th Cir. 2020) (en banc). Here, the alleged excessive force occurred in May of 2019. By the time Wilburn filed suit in April of 2022, almost three years had passed, so these claims are time-barred.

The same analysis applies to his medical claims. Medical claims brought by prisoners are subject to a two-year statute of limitations. *See e.g. Gilman v. Amos*, 445 Fed. Appx. 860, 864 (7th Cir. 2011) (citing *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir.2007) and IND.CODE § 34–11–2–4). A § 1983 claim seeking to redress a medical injury "accrues when the plaintiff knows of his physical injury and its cause. The statute of limitations starts to run when the plaintiff discovers his injury and its cause even if the full extent or severity of the injury is not yet known." *Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013). Wilburn alleges he was released to the Huntington County Jail on May 26, 2019, with directions to return to the hospital for a follow-up. He claims he told Nurse Ashley about the appointment on June 1, 2019, but she failed to arrange for the scheduled transport. Even if Wilburn had sued the proper defendant(s),[3] the claim

---

[2] "[W]here the arrest is followed by criminal proceedings, [the statute of limitations] begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

[3] There is no indication Officer Hillman was in any way personally involved in Wilburn's medical care or lack thereof. For a defendant to be liable under 42 U.S.C. § 1983 he or she must have been personally involved in the violation of the plaintiff's constitutional rights. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Furthermore, the Huntington County Jail is a building, so it is not a suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, Wilburn has not stated any Fourteenth Amendment medical claims.

would be time barred because Wilburn acknowledges he was aware of his physical injury (the chip fracture), its cause (the lack of proper repair of the gunshot wound by the hospital), and the alleged constitutional violation (the fact that Nurse Ashley failed to facilitate the scheduled follow-up visit)—almost three years before he filed this lawsuit.

"Although the statute of limitations is an affirmative defense, dismissal under Rule 12(b)(6) . . . is appropriate if the complaint contains everything necessary to establish that the claim is untimely." *Collins v. Vill. of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017); *see also Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009) (same). Here, the allegations in Wilburn's complaint make it clear his claims are time-barred.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on August 30, 2022.

                                      s/ Holly A. Brady  
                                      JUDGE HOLLY A. BRADY  
                                      UNITED STATES DISTRICT COURT